UNITED STATES DISTRICT COURT

for the

Middle District of Florida.

Orlando Division

Case Number:

**NOVAK & GOUVEIA LTDA.**, a Brazilian Limited-Liability company,

    Plaintiff,

vs.

**BANK OF AMERICA**, an American bank,

and

**SUNTRUST BANK**, an American bank,

    Defendant(s).

_____/

## **COMPLAINT**

    **COMES NOW** the Plaintiff, **NOVAK & GOUVEIA LTDA** (hereinafter referred to as the "Plaintiff") by and through his undersigned attorney, and sues the Defendants, **BANK OF AMERICA** (hereinafter referred to Bank of America) and **SUNTRUST BANK** (hereinafter referred to Suntrust). Collectively, the Defendants shall be referred to as "Defendants" and allege as follows:

1

## IDENTIFICATION OF THE PARTIES

1. At all times material to the allegations contained herein, the Plaintiff is a Brazilian corporation who is a proper Plaintiff and a real party of interest to this action.

2. At all times material to this Complaint, the Defendant Bank of America, is an American bank that has its corporate's office in Charlotte, North Carolina, and the Defendant Suntrust is an American bank that has its corporate's office in Atlanta, Georgia.

3. This action involves the dispute of monies greater than $75,000.00 exclusive of attorney's fees and costs.

4. Jurisdiction in this cause is based upon the amount in controversy and diversity of citizenship (28 U.S.C. §1332).

## FACTS GIVING RISE TO THE CAUSE OF ACTION

5. On March, 2019, Novak& Gouveia by and through their bank Banco Bradesco S/A transferred an amount of money greater than $75,000.00 for the purposes of paying a South Korean business – called DIC Trading Company – that they had regularly done business with.

6. The amount was sent to the South Korean company's account in Suntrust through an international wire transfer which had Bank of America as the intermediary bank. (See attached exhibit A – Drawdown Request).

7. In the middle of the transaction being processed from Plaintiff's account to its final destination, Bank of America routed the funds when it suspected an error.

8. Upon information and belief, Suntrust or, in the alternative, Bank of America is holding the money currently.

9. Plaintiff made written demand to Suntrust for return of its monies when the transaction was

flagged by Bank of America and suspended before the transaction could be completed.

10. Bank of America and/or Suntrust had refused to return the Plaintiff's monies and continues to wrongfully deprive Plaintiff of its monies.

## COUNT I

### Conversion

11. Plaintiff adopts and incorporates by reference paragraphs 1 through 10.

12. The Defendants Suntrust or Bank of America, in the alternative, are in possession of Plaintiff's monies.

13. Defendants have acted by the act of retaining Plaintiff's monies after the written demand for the return of thereof has indefinitely and wrongfully deprived Plaintiff of its property.

14. There exists no legal justification at law, equitable or in contract for Defendants to continue to retain the Plaintiff's monies.

15. As a result of the Defendants wrongfully converting the subject monies to their possession the Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants Suntrust and Bank of America jointly and severally for compensatory damages plus interest and costs and attorney's fees and any other relief allowable by law that the Court deems just and proper. Plaintiff further demands a trial by jury on all issues so triable.

## COUNT II

### Declaratory action

16. This is a count for declaratory judgment.

17. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of cost and attorney's fees.

18. Defendant Suntrust, is and was at all time material to this action, a party to the subject transaction and the receiving bank.

19. Defendant Bank of America, is and was at all time material to this action, a party to the subject transaction and the intermediary bank.

20. As a note of clarification, the only transaction that is in issue is the transaction involving DIC Trading Company, and not the transaction involving May Industrial CO. LTD. (See again Exhibit A).

23. As mentioned in Count I, the subject transaction was suspended or cancelled at the behest of Bank of America.

24. Bradesco requested that the monies be returned to its client, the Plaintiff.

25. Suntrust conditioned the return of the monies on Bradesco signing a document that released Suntrust of future liability (See attached Exhibit B, which proports to be a copy of the document).

26. Upon information and belief, Bradesco was willing and able to sign the document.

27. Confoundingly and without explanation, Suntrust demanded that the document that was to be signed be created by Bank of America.

28. Bank of America refused to create any documents relating to release of liability and or documents that would facilitate and perpetuate the returning of Plaintiff's monies that were involved in the transaction.

29. All conditions precedent to the initiations of this action have been complied with, have occurred, or have been waived.

30. There is an actual controversy amongst and between Bank of America and Suntrust concerning the monies discussed above and the rights of the parties thereto.

31. As result of the Defendants' Bank of America and Suntrust actions and inactions, the Plaintiff's rights and ownership interests as it relates to the subject monies is in controversy.

32. Because of the uncertainty caused by the controversy between the Defendants and the Plaintiff, the Plaintiff's rights have been compromised.

33. Plaintiff is in need of judicial interpretation or construction of the legal relationship between it and the Defendants as it relates to whether the Plaintiff is entitled to receive its monies and which Defendant is legally responsible for the injuries caused to the Plaintiff.

34. Plaintiff seeks declaratory relieve in that:

    A) There is a bonafide, actual, present and practical need for the declaration;

    B) There is a present ascertainable set of facts on which relief can be granted;

    C) The right, obligations and legal relationships of the Plaintiff and the Defendants under the aforementioned circumstances cannot be determined without judicial declaration;

    D) The Plaintiff has a present and adverse interest in the outcome and subject matter of this action; and,

    E) The adverse interest of the Plaintiff and the aforenamed Defendants is now before the Court and ripe for consideration and adjudication.

**WHEREFORE,** as to the Defendants, Bank of America and Suntrust, the Plaintiff requests that this Court adjudge:

   i. Plaintiff is the lawful owner of the monies; and,

ii. Plaintiff is entitled to a judgment that compels Defendants to return the subject monies back to the Plaintiff; and,

iii. That this Court determined the equities and rights among the parties as they exist or may arise by reason of any declaration of rights made herein; and,

iv. Plaintiff is entitled to accrued interest derived from subject monies for the period of time that the monies were wrongfully retained by the Defendants; and, entitled to repayment of attorney's fees and costs from the Defendants to the Plaintiff.

## DEMAND FOR JURY TRIAL

As to all Defendants, Plaintiff demands a trial by jury on all issues so triable.

DATED: July 23, 2020

*/s/ Benjamin D. Rust II*
**Benjamin D. Rust II, Esq.**
Florida Bar # 0115371
The Law Offices of Benjamin D. Rust II, L.L.C
6965 Piazza Grande Ave. Ste. 316
Orlando, Florida 32835
Tel: (407) 326-6333 / Fax: (407) 326-6334
Service E-mail: ben@benrustlaw.com;
execadmin@benrustlaw.com